# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Robert Dorelle Chatman, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 3:16-cv-286 |
| Cass County Jail and Federal Courts, | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) |  |

Plaintiff Robert Dorelle Chatman (Chatman), an inmate at Cass County Jail who is proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must conduct an initial screening of any prisoner's complaint seeking redress from a governmental entity or its employees. If the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the court must dismiss the complaint.

## Summary of Recommendation

Chatman alleges that defendants have not sufficiently addressed his medical needs or provided him his preferred diet. He has not, however, stated a plausible constitutional claim against any defendant who is amenable to suit. His complaint should therefore be dismissed.

## Facts

Chatman is a federal pretrial detainee who is currently confined at the Cass County Jail. See United States v. Chatman, D.N.D. Case No. 2:15-cr-70-3. Chatman alleges that his medical needs have not been sufficiently addressed at the jail. He asserts

that he has a "mental condition" and that his "face is broke out." (Doc. #5, p. 5). He contends that there is "no urgency to provide medical assistance for conditions [he has] had most of [his] life," that he has "been denied [his] medications for over two months," and that "they even deny simple antibiotic ointment sample packs that could help stab[i]lize symptoms." Id. at 1, 5. Chatman states that, in response to inmate medical requests, he was advised to "wait" and that he is "on a list." Id. at 2.

Chatman also alleges that he has been served pork, even though he has "been on a pork free diet for close to ten years," that defendants "lied" when they "stated they do not serve pork," and that he suffered an "upset stomach [and] bloody stool[] when [he] first arrived," which he attributes to consuming pork. Id. at 5. Chatman requests money damages, that he be "immediately released," or that he be granted clemency. Id. at 7.

## Law and Discussion

To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim, and must give the defendants fair notice of the claim and grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court to reasonably infer that a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Id. In construing a pro se complaint, a court is to take a liberal approach and is to hold a

pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

### 1. Claims Against Cass County Jail and Federal Courts

In the caption of his complaint, Chatman names the "Cass County Jail" and "Federal Courts" as defendants. (Doc. #5, p. 1). However, county jails are not legal entities amenable to suit. See Owens v. Scott Cty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Nor are courts subject to suit under § 1983. See Harris v. Mo. Court of Appeals, 782 F.2d 427, 429 (8th Cir. 1986). Any claims against the Cass County Jail or the federal courts should therefore be dismissed with prejudice.

In the section of the complaint labeled "Parties," Chatman names as defendants the jail's "Mental Health, Doctor, Nurse," (hereinafter referred to as "medical personnel"), and the jail's "Captain in Charge of kitchen meals," (hereinafter referred to as "captain"). (Doc. #5, p. 3). He names the medical personnel and the captain both in their official and personal capacities. This court next considers Chatman's claims against those individuals in each capacity.

### 2. Personal Capacity Claims

To establish personal liability in a § 1983 action, a plaintiff must allege that (1) acting under color of state law, (2) a person deprived the plaintiff of rights secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

#### A. Claim Regarding Diet

Inmates have a constitutional right to a nutritionally adequate diet. Burgin v. Nix, 899 F.2d 733, 734-35 (8th Cir. 1990) (per curiam). But, they do not have a constitutional right to any preferred diet. Id. at 734-35. "[C]ontrol of the diet is within [prison

officials'] discretion, assuming it is adequate." Id. at 734. Chatman does not allege that the food provided to him was nutritionally inadequate, that his religion or any religious belief prevented him from eating pork, or that any medical directive limited the food he could consume. Although Chatman asserts that he suffered digestive issues which he attributes to consuming pork, he does not allege that any defendant would have known that he would suffer those issues prior to his consumption of pork. Additionally, Chatman does not contend that those digestive issues have continued. Chatman has not alleged a plausible claim of a deprivation of a constitutional right, so his claim concerning his diet should be dismissed without prejudice.

### B. Claim Regarding Medical Needs

While a pretrial detainee's right to medical care arises under the Due Process Clause of the Fourteenth Amendment, it is analyzed under the deliberate indifference standard of the Eighth Amendment. See Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014). To state a plausible claim of deliberate indifference to medical needs under the Eighth Amendment, an individual must demonstrate two elements: (1) that his medical needs were "objectively serious," and (2) that officials "actually knew of but deliberately disregarded those needs." Allard v. Baldwin, 779 F.3d 768, 771 (8th Cir. 2015) (quoting Dulaney v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)). The objectively serious element is satisfied by showing that the condition is so obvious that "'even a layperson would easily recognize the necessity for a doctor's attention.'" Santiago v. Blair, 707 F.3d 984, 990 (8th Cir. 2013) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)).

To demonstrate that a defendant actually knew of but deliberately disregarded a serious medical need, "the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." Thompson v. King, 730 F.3d 742, 746-47 (8th Cir. 2013) (quoting Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009)). The plaintiff must show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). "Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature." Johnson-El v. Schoemehl, 878 F.2d 1043, 1055 (8th Cir. 1989); see also Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (stating a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation under § 1983).

Chatman contends that his "face is broke out" and that "simple antibiotic ointment sample packs . . . could help stab[i]lize symptoms," but that medical personnel denied that treatment. (Doc. #5, p. 5). Chatman does not identify the cause of the skin condition, e.g., acne, a rash, or some other medical issue. Given his limited factual allegations and his assertion that a "simple antibiotic ointment" could have controlled the "symptoms," Chatman has not sufficiently alleged that his skin condition was objectively serious or that medical personnel disregarded a known risk to his health.

Chatman contends that he has been denied medications, but he does not state what conditions those medications were prescribed to treat. The court cannot determine if the medication to which he refers is the "antibiotic ointment" he requested or

medications to treat his unnamed mental condition. In light of his limited factual allegations, Chatman has not sufficiently alleged that his mental condition was serious or that medical personnel disregarded a known risk to his health by not providing him with his requested medications.

Lastly, Chatman states that medical personnel, in response to inmate medical requests, have advised him "to wait" and that he is "on a list." Id. at 2. While he contends that his "symptoms continue to get worse," he has not alleged that those symptoms are medically serious or painful in nature. Chatman has not alleged facts stating a plausible claim that medical personnel were deliberately indifferent to his serious medical needs, and those claims should therefore be dismissed without prejudice.

### 3. Official Capacity Claims

Section 1983 suits against local government employees in their official capacities are actually suits against the entity of which the employee is an agent. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 n.55 (1978). In other words, an official capacity claim against the Cass County Jail medical personnel and captain is effectively a claim against Cass County. "When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show that there is an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right." Marksmeier v. Davie, 622 F.3d 896, 902 (8th Cir. 2010) (citing Monell, 436 U.S. at 690-91). Since Chatman has not alleged a plausible claim of a deprivation of any of his constitutional rights, or that a policy or custom caused any alleged deprivation, his official capacity claims against the defendants should be dismissed without prejudice.

**Conclusion**

Neither the Cass County Jail nor the federal courts is amenable to suit under § 1983, an inmate has no constitutional right to the diet of his preference, Chatman has not stated a plausible claim of deliberate indifference to any serious medical need, and he has not sufficiently alleged any plausible official capacity claims against any defendants. It is therefore **RECOMMENDED** that:

(1) any claims against the Cass County Jail and the federal courts be **DISMISSED** with prejudice;

(2) Chatman's claim regarding his diet be **DISMISSED** without prejudice;

(3) Chatman's claim regarding his medical needs be **DISMISSED** without prejudice;

(4) Chatman's official capacity claims be **DISMISSED** without prejudice;

(5) the complaint be **DISMISSED** in its entirely; and that

(6) the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

If any claims are permitted to proceed, Chatman's request for release should be **DENIED**, since that remedy is available only in a federal habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Additionally, his request for a clemency should be **DENIED**, since courts do not have the authority to grant clemency requests. See Noel v. Norris, 336 F.3d 648, 649 (8th Cir. 2003).

Dated this 20th day of October, 2016.

    /s/ *Alice R. Senechal*
    Alice R. Senechal
    United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than **November 7, 2016**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.